# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CARRIE RODRIGUEZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-17-55-STE |
| ) | |
| NANCY A. BERRYHILL, Acting ) | |
| Commissioner of the Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff's Application for Award of Attorney's Fees Under the Equal Access to Justice Act (EAJA). (ECF No. 25). Plaintiff seeks an award of fees in the amount of $4,767.20. (ECF Nos. 25 & 25-1). The Commissioner's response was due on January 11, 2017, but to date, no response has been filed.

EAJA entitles a prevailing party to recover reasonable attorney fees from the government "'unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.'" *Al–Maleki v. Holder*, 558 F.3d 1200, 1204 (10th Cir. 2009) (quoting 28 U.S.C. § 2412(d)(1)(A)). Previously, the undersigned ordered reversal and remand of the Commissioner's decision denying Plaintiff's applications for disability benefits and supplemental security income. (ECF Nos. 23 & 24). With the reversal and remand, Ms. Rodriguez is considered the "prevailing party" for purposes of EAJA. *See Shalala v. Schaefer*, 509 U.S. 292 (1993). Thus, the only issues are whether the government's position was "substantially justified" and whether any special circumstances exist which would prevent an award of benefits.

The burden rests with the government to prove that its position was substantially justified. *Kemp v. Bowen*, 822 F.2d 966, 967 (10th Cir. 1987). In addition, once an EAJA application is filed, the government must justify both its position in any underlying administrative proceedings and in any subsequent court litigation. *Hackett v. Barnhart,* 475 F.3d 1166, 1170 (10th Cir. 2007). Since the government has filed no objection to the requested award, there can be no finding that the government has met its burden of showing that its position was substantially justified. *See Gibson v. Astrue*, No. 10-CV-119-TLW, 2011 WL 3107331, at *1 (N.D. Okla. July 25, 2011). Thus, the only issue concerns the reasonableness of the fee requested.

Plaintiff seeks an attorney fee award of $4,767.20, calculated as follows: 2.8 hours of work performed by her attorney in 2016 at a rate of $193.00 per hour ($540.40); 0.6 hours of paralegal work performed in 2016 at a rate of $120.00 per hour, ($72.00); 19.3 hours of work performed by her attorney in 2017 at a rate of 196.00 per hour, ($3,782.80); and 3.1 hours of paralegal work performed in 2017 at a rate of $120.00 per hour ($372.00). (ECF No. 25-1). Ms. Troutman has provided a detailed breakdown of time expended in representing Ms. Rodriguez, and the undersigned finds that this uncontroverted statement reflects a reasonable amount of time for this matter. However, an award under EAJA is limited to $125.00 per hour unless the court determines that an increase in the cost of living or another special factor justifies a higher fee. 28 U.S.C. §2412(d)(2)(A).

Ms. Troutman has requested an upward adjustment of the statutory rate for attorney fees and has provided supporting documentation in the form of a letter dated

August 3 2017, from the Office of the General Counsel of the Social Security Administration. (ECF No. 25-4). This letter shows that for 2016 and 2017, the authorized maximum hourly rate for attorney work in Oklahoma was $193.00 and $196.00, respectively. (ECF No. 25-4). Thus, Ms. Rodriguez is entitled to an upward adjustment of the hourly attorney fee consistent with the evidence provided. Additionally, Plaintiff is entitled to recover paralegal fees at prevailing market rates. *See Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571, 581 (2008). Plaintiff has submitted the hourly paralegal rate as $120.00 for 2016 and 2017 and she has provided evidentiary support which the Court finds persuasive as to the reasonableness of this hourly amount. (ECF No. 25-5).

The Court therefore finds that the Plaintiff is entitled to a total attorney fee award in the amount of $4,767.20. Said fee is payable to the Plaintiff. *See Astrue v. Ratliff*, 130 S.Ct. 2521, 2524 (2010). If attorney fees are also awarded under 42 U.S.C. § 406(b) of the Social Security Act, Plaintiff's counsel is to refund the smaller amount to Plaintiff. *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

## ORDER

The Court **GRANTS** Plaintiff's Motion for Attorney's Fees **(ECF No. 25)** in the amount of **$4,767.20.**

ENTERED on March 7, 2018.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE