# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CARRIE DAWN RODRIGUEZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-17-55-STE |
| | ) |
| COMMISSIONER OF THE SOCIAL | ) |
| SECURITY ADMINISTRATION, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion for Attorney Fees Under 42 U.S.C. § 406(b), seeking an award in the amount of $4,967,58[1] which is less than the amount counsel could request. (ECF No. 29). The Commissioner has not responded.

## I. PROCEDURAL BACKGROUND

Plaintiff Carrie Rodriguez retained Troutman and Troutman, PC., to appeal the SSA denial of her application for disability insurance benefits. (ECF No. 29-1). The contract between Ms. Rodriguez and Troutman and Troutman, PC., provided for payment of an attorney fee contingent upon Ms. Rodriguez prevailing before the federal court and ultimately being awarded benefits by the SSA. Under the contract, Ms. Rodriguez agreed to an attorney fee in the amount of twenty-five percent (25%) of any past-due benefits awarded. *See id.*

---

[1] According to the terms of the fee contract, counsel is legally entitled to request a fee for $6,200.38 which is 25% of $24,801.50 in back disability benefits.

Plaintiff prevailed in federal court. In an Order and Judgment dated October 10, 2017, the Court reversed the decision of the SSA and remanded the case for further administrative findings. (ECF Nos. 23 & 24). On remand, Plaintiff was awarded past-due benefits of $24,801.50 from which the SSA withheld $6,200.38, representing twenty-five percent (25%) of the total past due benefit. (ECF No. 29-2:2). Pursuant to 42 U.S.C. § 406(b), and citing the contractual agreement between the parties and *Gisbrecht v. Barnhart*, Plaintiff requests a fee award in the amount of $4,967.58. (ECF No. 29).

**II.    FEES FOR REPRESENTATION**

Congress has prescribed specific limitations on the amount of fees which may be awarded for representation of Social Security claims. *See* 42 U.S.C. § 406. Section 406 "deals with the administrative and judicial review stages discretely: § 406(a) governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in court." *Gisbrecht v. Barnhart,* 535 U.S. 789, 794 (2002). Subsection 406(b) provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment. . .

42 U.S.C. § 406(b)(1)(A). Any such payment must be made "out of, and not in addition to," the past-due benefits owed to the claimant. *Id.* This subsection "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court" so long as the agreed-upon amount stays within the statute's "25 percent boundary." *Gisbrecht v. Barnhart*, 535 U.S.

at 789. For a fee request that lies within this boundary, "the attorney for the successful claimant" still "must show that the fee sought is reasonable for the services rendered." *Id.* If attorney fees are also awarded under EAJA, Plaintiff's counsel is to refund the smaller amount to Plaintiff. *Weakley v. Bowen*, 803 F.2d 575 (10th Cir. 1986).

### III. AWARD OF §406(b) FEES

Troutman and Troutman, PC. has requested § 406(b) fees in the amount of $4,967.58, and has attached a detailed billing summary reflecting a total of 25.8 hours (3.7 paralegal/intern hours and 22.1 attorney hours). However, the amount requested does not exceed twenty-five percent (25%) of the total awarded past-due benefits, which would equal $6,200.38 and is, therefore, in line with both the contractual agreement and § 406(b). The Court has reviewed the file and finds this amount to be reasonable.

### IV. PLAINTIFF'S AWARD OF ATTORNEY FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT (EAJA)

On March 7, 2018 Plaintiff was awarded EAJA attorney fees in the amount of $4,767.20 as the prevailing party. *See* ECF No. 25. Plaintiff's attorney therefore must refund the lesser of the two fees to Plaintiff. *See Weakley v. Bowen*, 803 F.3d 575, 580 (10th Cir. 1986).

### ORDER

The Court **GRANTS** Plaintiff's Motion for Attorney Fees Under 42 U.S.C. § 406(b), **(ECF No. 29)**. Plaintiff's attorney, Troutman and Troutman, is awarded attorney's fees in the amount of **$4,967.58**, to be paid out of the past-due benefits Plaintiff received by reason of the remand and favorable decision in this case. *See* 42 U.S.C. 406(b)(1)(A).

Plaintiff's attorney shall refund the attorney fees awarded under the EAJA (ECF No. 20). *See Weakley v. Bowen*, 803 F.3d 575, 580 (10th Cir. 1986).

The SSA shall pay this amount directly to Troutman & Troutman, P.C., 1350 S. Boulder, Suite 410, Tulsa, OK 74119.

ENTERED on November 15, 2019.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE